ERIC WEISSENSTEIN, Appellant, v. BRIGGS LEASING CORP. et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from a judgment of the Supreme Court, Queens County, entered January 22, 1970, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs. No opinion. Latham, Cohalan, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: On January 11, 1965, at about noon, plaintiff was injured in an automobile accident while looking for an available parking meter in the parking area north of Union Square in the vicinity of 16th and 17th Streets in New York City. There was a one-way street for entrance into the parking area. Plaintiff testified that he was in the middle of this street with the intention of parking in the lot when defendants' car "shot suddenly" out of . a parking space at "quite a speed" and backed into his car, causing his injuries. Plaintiff further testified that after the accident he and the defendant driver exchanged identification credentials and she said to him, "Look, I had to get out of that parking space and I couldn't see backwards what came there." The defendant driver testified that she had backed up about a foot or two very slowly, looking in her rear view mirror at all times. Her side view was obstructed by a small parked car. She suddenly heard a crash and the rear of her car swerved to the right with force. The jury by a vote of 11 to 1 found for defendants. During the course of the charge, the trial court reviewed the defendant driver's testimony regarding the accident as follows: " The defendant stated that she backed out from a parking area and she backed out slowly, and when she backed out about a foot and a half there was an impact with the front right of Mr. Weissenstein's car and the rear left on Mrs. Krebs' car. You've seen the photographs, it is for you to determine." However, with regard to plaintiff's version of the accident, the court merely charged the jury to take into consideration whether he "was driving as a reasonable prudent person would be driving along that area looking for a parking space with that width which was twenty or twenty-five feet, and again it is your recollection." The court, however, did not mention to the jury plaintiff's testimony that the defendant driver "shot" out of a parking space at a high speed and told him that she "had to get out of that parking space and * * * couldn't see backwards what came there." In my view, under the circumstances herein the trial court erred in failing to fully incorporate the factual contentions of plaintiff and thereby deprived him of a fair trial (Green v. Downs, 27 N Y 2d 205). Secondly, the trial court erred in refusing to charge the jury, as requested by plaintiff, the substance of subdivision (a) of section 1211 of the Vehicle and Traffic Law, which reads: " The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." It was undisputed at the trial that the area in question was publicly owned and open for public parking, and, in view of the inadequacy of the trial court's charge as aforenoted, the refusal to charge subdivision (a) of section 1211 of the Vehicle and Traffic Law constituted substantial error (Green v. Downs, supra, p. 208). Finally, plaintiff claimed at the trial that he had suffered serious injuries from this accident and several doctors who had examined him testified that the accident caused him to suffer a brain concussion. However, on cross-examination, defendants severely attacked plaintiff's credibility on the issue of damages by showing that he had been involved in prior automobile accidents wherein he suffered head injuries. The jury could only have been left with the impression that the major injuries claimed by

plaintiff to have been sustained in this relatively minor collision were exaggerated or, even worse, were not causally connected to this collision at all. Under these circumstances, it was reversible error for the trial court to refuse to charge the jury, as requested by plaintiff, as to the failure of defendants to produce the doctor who had examined plaintiff on their behalf (*Laffin* v. *Ryan*, 4 A D 2d 21; 1 PJI: 1:75).